AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | United States Courts |
|---|---|---|
| United States of America | ) | Southern District of Texas |
| v. | ) | FILED |
| | ) | *November 25, 2025* |
| Armando Vladimir Salgado | ) | Nathan Ochsner, Clerk of Court |
| AKA Cristian Salgado | ) | Case No. |
| | ) | **4:25-mj-709** |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 7, 2025 _____ in the county of _____ Harris _____ in the
_____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b)(2) | a native and citizen of El Salvador, and an alien who had been previously deported from the United States, Subsequent to having been convicted of an aggravated felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202 (3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Rafael Viesca, Supervisory Detention and Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: _____ 11/25/2025 _____

_____
*Judge's signature*

City and state: _____ Houston, Texas _____

Hon. Richard W. Bennett, United States Magistrate Judge
*Printed name and title*

## <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Rafael Viesca, being duly sworn telephonically, hereby depose and say:

(1)    I am a Supervisory Detention and Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since November 5, 2023. My law enforcement career began March 09, 2014, as a Law Enforcement Specialist with Federal Protective Service (FPS).  I served in that capacity until September 29, 2017, when I transitioned to Immigration and Customs Enforcement as a Deportation Officer. I currently have over 9 years of immigration law enforcement experience.

(2)    On June 7, 2025, at 2:54 p.m. Armando Vladimir Salgado, also known as Cristian Salgado (Defendant) was encountered by ICE Houston while incarcerated at the Harris County Jail. On the same date ERO Houston lodged Form I-247 Immigration Detainer – Notice of Action.

(3)    On November 21, 2025, at approximately 6:00 p.m., Harris County Jail transferred the Defendant to the custody of ICE Houston at the Montgomery Processing Center. On November 23, 2025, at approximately 9:00 p.m., ERO Houston found the defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326 (a) and (b).

(4)    The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(5)    Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(6)    <u>Element One</u>: The Defendant is a citizen and national of El Salvador and not a native,citizen or national of the United States.

(7)    <u>Element Two</u>: The Defendant has previously been deported or removed from the United States on the following occasions:

      a.  Removed on 01/19/2024
      b.  Removed on 08/24/2016
      c.  Removed on 05/19/2009

(8)    <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on June 7, 2025, at Houston, Texas, which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center

("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On November 23, 2025, LESC advised me that it had no record on such an encounter.

(9)    Element Four:  The Defendant did not have permission to reenter the United States. On November 23, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(10)    Prior Criminal History.  The Defendant has the following prior criminal history:

a) On June 7, 2025, the Houston Police Department arrested the Defendant for the offense of obstruction or retaliation a 3rd degree felony. Currently this case is pending.

b) On November 10, 2022, The U.S. District Court Eastern District of Virginia convicted the defendant for the offence of illegal reentry after deportation subsequent to a conviction for an aggravated, and sentence 22 months incarceration in the Bureau of Prisons (BOP).

c) On June 3, 2015, the U.S. District Court Eastern District of Virginia convicted the defendant for the offence of illegal reentry felony and sentenced to 18 months incarceration if the BOP.

d) On March 8, 2015, the Prince William County General District Court, VA convicted the defendant for the offense of DWI 1st offense misdemeanor and sentenced him to 30 days in the county jail.

e) On May 23, 2008, the Circuit Court for Loudoun, VA convicted the defendant for the offense of attempted robbery, in violation of Virginia Code Section 18.2-26 and was sentenced to a term of imprisonment of 6 years. This conviction meets the definition of an aggravated felony under 8 U.S.C. § 1101.

(11)   On November 24, 2025, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint.  On or about that day, Assistant U.S. Attorney Amanda Alum (281) 492-7864 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

Rafael Viesca, Supervisory Detention and
Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Sworn to me telephonically on the 25th day of November 2025, and I find probable cause.

Hon. Richard W. Bennett
United States Magistrate Judge
Southern District of Texas